IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LLOYD HAMMAN,            Plaintiff, | ) ) ) | |
| v. | ) ) | 08 CV03125 |
| JOHN E. ZARUBA, the Sheriff of DuPage County, Illinois, THE COUNTY OF DuPAGE, a body corporate and politic, KEVIN WILKEN, OFFICER NESTEL, KIRT FEINSTEIN, and JOHN and JANE DOES, Nos. 1-10,            Defendants. | ) ) ) ) ) ) ) | Judge Kendall |

**DEFENDANTS SHERIFF ZARUBA, COUNTY OF DUPAGE, WILKEN, NESTEL AND FEINSTEIN'S  MOTION FOR LEAVE TO FILE INSTANTER**

Defendants JOHN E. ZARUBA, the Sheriff of DuPage County ("Sheriff Zaruba"), the COUNTY OF DUPAGE ("County"), KEVIN WILKEN, OFFICER NESTEL, and DEPUTY KIRT FEINSTEIN by and through their attorneys, DuPage County State's Attorney JOSEPH E. BIRKETT and Assistant State's Attorneys Thomas F. Downing, respectfully move this Honorable Court for leave to file instanter DEFENDANTS SHERIFF ZARUBA AND COUNTY OF DUPAGE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURUANT TO RULE 12(B)(6) and DEFENDANTS WILKEN, NESTEL AND FEINSTEIN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES, and in support thereof state the following:

1. These Defendants were served in this case by waiver of service of summons. The waiver was sent on June 13, 2008 and the Defendants were therefore required to answer the Complaint on or before August 12, 2008.

2. The Defendants' attorney, Assistant State's Attorney Thomas F. Downing, was assigned to prepare the above-referenced answer and motion to dismiss and had planned

complete this assignment before going on vacation on August 3, 2008. However, Defendants counsel became ill before being able to complete this task.

    3. This is the first request for an extension of time requested by these Defendants.

    4. Plaintiff's counsel, Robert Slobig has indicated that he has no objection to this extension of time to file an answer and motion to dismiss.

    5. The Answer and Motion to Dismiss are attached hereto and submitted herewith as Exhibits A and B.

    **WHEREFORE**, based upon the foregoing Defendants JOHN E. ZARUBA, the Sheriff of DuPage County ("Sheriff Zaruba"), the COUNTY OF DUPAGE ("County"), KEVIN WILKEN, OFFICER NESTEL, and DEPUTY KIRT FEINSTEIN respectfully requests that this Honorable Court grant leave to file instanter DEFENDANTS SHERIFF ZARUBA AND COUNTY OF DUPAGE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURUANT TO RULE 12(B)(6) and DEFENDANTS WILKEN, NESTEL AND FEINSTEIN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES.

                                                     Respectfully submitted,

                                                     JOSEPH E. BIRKETT
                                                     DuPage County State's Attorney

                                                     By:  s/THOMAS F. DOWNING
                                                           THOMAS F. DOWNING
                                                           Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By: Thomas F. Downing, Assistant State's Attorney
Attorney No. 06188673
By: Francis T. Cermak, Assistant State's Attorney
Attorney No. 6272043
503 N. County Farm Road
Wheaton, IL  60187
(630) 407-8200

## CERTIFICATE OF SERVICE

TO:  Robert J. Slobig, Esq.
TORSHEN, SLOBIG, GENDEN, DRAGUTINOVICH & AXEL, LTD.
105 West Adams Street, Suite 3200
Chicago, IL  60603-6209

The undersigned being first duly sworn upon oath states that:

On the 20th day of August, 2008, I served a copy of DEFENDANTS SHERIFF ZARUBA, COUNTY OF DUPAGE, WILKEN, NESTEL AND FEINSTEIN'S MOTION FOR LEAVE TO FILE INSTANTER, according to Fed.R.Civ.P. 5(a,), by e-filing a copy to each of the above-referenced individuals.

s/THOMAS F. DOWNING
Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By: Thomas F. Downing, Assistant State's Attorney
Attorney No. 06188673
By: Francis T. Cermak, Assistant State's Attorney
Attorney No. 6272043
503 N. County Farm Road
Wheaton, IL  60187
(630) 407-8200

TFD/Hamman v Sherriff/motion for leave to file instanter.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LLOYD HAMMAN,<br>    Plaintiff,<br><br>v.<br><br>JOHN E. ZARUBA, the Sheriff of DuPage<br>County, Illinois, THE COUNTY OF DuPAGE, a<br>body corporate and politic, KEVIN WILKEN,<br>OFFICER NESTEL, KIRT FEINSTEIN, and<br>JOHN and JANE DOES, Nos. 1-10,<br>    Defendants. | 08 CV03125<br><br>Judge Kendall |

### DEFENDANTS WILKEN, NESTEL AND FEINSTEIN'S
### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants KEVIN WILKEN, OFFICER NESTEL, AND DEPUTY KIRT FEINSTEIN, by and through their attorneys, DuPage County State's Attorney JOSEPH E. BIRKETT and Assistant State's Attorneys Thomas F. Downing and Francis T. Cermak, provide the following Answer to the Complaint:

1.  Plaintiff Lloyd Hamman resides in unincorporated Naperville, Illinois, within the County of DuPage. Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988.

    Answer: Defendants admit at the time of the occurrence alleged herein, Plaintiff resided in unincorporated Naperville, Illinois, within the County of DuPage. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation as to where Plaintiff is currently residing.

2.  The County of DuPage is a body politic and corporate, existing under the laws of the State of Illinois. (It is referred to hereinafter as "the County".)

    Answer: Defendants admit the allegations in paragraph 2.

3.  At all relevant times, Defendant John E. Zaruba is and was the Sheriff of DuPage County, Illinois. Defendants Kevin Wilken and Officer Nestel are animal control officers of the County. Defendant Kirt Feinstein (# 194) is a deputy sheriff employed by the County and reporting to Sheriff Zaruba. John or Jane Doe No 1 through John or Jane Doe No 6 were other deputy sheriffs or animal control department officers employed by the County. These Defendants, at all times herein mentioned, were duly appointed and acting as officers of the County.


EXHIBIT A

      Answer: Defendants admit that at all relevant time, Defendant John E. Zaruba was the Sheriff of DuPage County, Defendant Kirt Feinstein (# 194) was a deputy sheriff, and Defendants Kevin Wilken and Officer Nestel were animal control officers of the County. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

4.     Defendants John and Jane Does, Nos. 7-10 are other employees or agents of the County.

      Answer: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.     This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331, in that the cause of action arises under the Constitution and laws of the United States.

      Answer: Defendants admit this Honorable Court's jurisdiction as set forth in paragraph 5.

6.     Venue of the action is proper in this judicial district because the Plaintiff and all of the Defendants reside or are found in this district, and all of the acts giving rise to the cause occurred in this district.

      Answer: Defendants admit that venue is proper in this judicial district.

7.     The Clara Ray Farm is located at 26W055 Plank Road, in unincorporated Naperville, Illinois, within the County of DuPage.

      Answer: Defendants admit the allegations in paragraph 7.

8.     In and before 2006, the Plaintiff, a septuagenarian widower, operated a working farm at the Clara Ray Farm, growing crops and raising livestock, including goats, sheep, laying chickens, ducks, other birds and rabbits.

      Answer: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.     At about 3:30 p.m. on May 31, 2006, without obtaining any warrant, Defendants Wilken, Feinstein, Nestel, John Doe No 1, John Doe No 2, Jane Doe No 3, Jane Doe No 4 and John Doe No 5, each driving or riding in a County vehicle, drove these vehicles to and upon the Clara Ray Farm and conducted a surprise raid on the farm.

      Answer: These Defendants admit that at about 3:30 p.m. on May 31, 2006, they went to the Clara Ray Farm. Defendants admit that they did not have a warrant. Defendants deny that they conducted a surprise raid on the farm. Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. These Defendants were wearing County uniforms and several of them exhibited firearms. They approached Plaintiff and forcibly required Plaintiff to surrender to Defendants. Defendant Feinstein, at the request of Defendant Wilken, placed Plaintiff under arrest. Defendant Jane Doe No. 3 threatened Plaintiff with bodily harm. Defendant Feinstein then placed Plaintiff in one of the Sheriff's department's motor vehicles, along with a dog, operated the vehicle and carried Plaintiff therein, against Plaintiff's will, and transported him to the DuPage County jail in Wheaton, Illinois, where Plaintiff was detained, fingerprinted and held in the Defendants' custody for approximately ten hours, until he was released on bond at about 2:00 a.m.

    Answer: These Defendants admit that Wilken made a complaint against Plaintiff for violations of the Illinois Humane Care for Animals Act and Deputy Feinstein arrested Plaintiff, transported him in a Sheriff's motor vehicle to the DuPage County Jail. The deputy sheriffs wore uniforms of the DuPage County Sheriff's Office and the animal control officers wore uniforms of the DuPage County Animal Control Department. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11. Defendants, John or Jane Doe Nos. 7-10 assisted the other named Defendants in carrying out these acts.

    Answer: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. The Defendants committed the above-described acts and detained the Plaintiff wrongfully, unlawfully, and without just cause.

    Answer: Defendants deny the allegations in paragraph 12.

13. In committing the above acts, the Defendants purported to act under color of state law.

    Answer: Defendants admit that they acted under the color of state law at the time and in accordance with their actions as previously described in the answers provided herein.

14. As the result of the unlawful raid and arrest, Plaintiff was forced to incur and expend money in attorneys' fees and other costs.

    Answer: Defendants deny the allegations in paragraph 14.

15. On August 16, 2007, in the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois, the Court, the Hon. Cary B. Pierce, Associate Judge, presiding,

ruled that the Defendants' warrantless entry and raid upon the Clara Ray Farm was unlawful, granted a motion to quash the arrest and suppressed the evidence obtained in connection with the raid. On September 13, 2007, Judge Pierce entered an order closing the case brought against Plaintiff.

    Answer:    Defendants admit that On August 16, 2007, in the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois, the Court, the Hon. Cary B. Pierce, Associate Judge, presiding, granted a motion to suppress evidence, and that on September 13, 2007, Judge Pierce granted the State's motion to *nolle pros* the case brought against Plaintiff. Defendants deny the remaining allegations in paragraph 15.

16.    Plaintiff was thus deprived of his liberty by the Defendants, without due process of law, contrary to the Constitution and laws of the United States

    Answer:    Defendants deny the allegations in paragraph 16.

17.    In committing these wrongful acts, the Defendants exhibited a willful and reckless disregard for Plaintiff and his rights, unbecoming of such Defendants' position and office. In the circumstances, Plaintiff should be rewarded exemplary and punitive damages against Defendants.

    Answer:    Defendants deny the allegations in paragraph 17.

### FIRST AFFIRMATIVE DEFENSE
*Failure to State a Claim*

Plaintiff's Complaint fails to state claims against these Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
*Qualified Immunity*

Under the laws and court interpretations of said laws in effect at the time of the occurrences alleged in Plaintiff's Complaint, Defendants, acting reasonably and in good faith under the existing circumstances, did not know, nor should Defendants have known, that Defendants' conduct would be considered a violation of Plaintiff's constitutional

rights  Accordingly, Defendants are entitled to qualified immunity from the claims made by Plaintiff for alleged violations of his constitutional rights.

**WHEREFORE**, Defendants, Wilken, Nestel, and Feinstein, pray that a judgment be entered in their favor and against the Plaintiff; for costs of suit; for attorney fees; and for such other, further, additional or different relief as this Court deems just and equitable.

> Respectfully submitted,
>
> JOSEPH E. BIRKETT
> DuPage County State's Attorney
>
> By: s/THOMAS F. DOWNING
> THOMAS F. DOWNING
> Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By: Thomas F. Downing, Assistant State's Attorney
Attorney No. 06188673
By: Francis T. Cermak, Assistant State's Attorney
Attorney No. 6272043
503 N. County Farm Road
Wheaton, IL  60187
(630) 407-8200

IFD\Hamman v Sheriff\Wilken, Nestel And Feinstein's Answer To Complaint doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LLOYD HAMMAN,<br>　　Plaintiff,<br><br>v.<br><br>JOHN E. ZARUBA, the Sheriff of DuPage County, Illinois, THE COUNTY OF DuPAGE, a body corporate and politic, KEVIN WILKEN, OFFICER NESTEL, KIRT FEINSTEIN, and JOHN and JANE DOES, Nos. 1-10,<br>　　Defendants. | 08 CV03125<br><br>Judge Kendall |

### DEFENDANTS SHERIFF ZARUBA AND COUNTY OF DUPAGE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURUANT TO RULE 12(b)(6)

Defendants JOHN E. ZARUBA, the Sheriff of DuPage County ("Sheriff Zaruba") and the COUNTY OF DUPAGE ("County"), by and through their attorneys, DuPage County State's Attorney JOSEPH E. BIRKETT and Assistant State's Attorneys Thomas F. Downing and Francis T. Cermak, respectfully move this Honorable Court to dismiss them from the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof state the following:

### INTRODUCTION

The Plaintiff's Complaint generally alleges that on or about May 31, 2006, Defendants Wilken, Nestel and Feinstein and other unnamed John and Jane Does went to a farm operated by the Plaintiff and conducted a warrantless raid and arrested the Plaintiff. (Complaint at pars. 9 and 10) None of the allegations indicate that Sheriff Zaruba was personally involved in the incident complained of. It is clear that Sheriff Zaruba is only sued in his official capacity. The only connection made between Sheriff Zaruba and the County to this case are allegations that Defendants Wilken, Nestel,

EXHIBIT

B

Feinstein and the unnamed John and Jane Does are their employees or agents. (Complaint at pars. 3 and 4)

## DISMISSAL PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; it is not designed to resolve the case on the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Circuit 1990). When reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all well-plead factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Circuit 1997). A court should dismiss a complaint under Rule 12(b)(6) where it is clear that the nonmovant can prove no set of facts supporting its claim for relief. *Szumny v. American Gen'l Finance, Inc.*, 246 F.3d 1065, 1067 (7th Circuit 2001). At a minimum, plaintiff's complaint must contain facts sufficient to state a claim as a matter of law. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Circuit 1998). A plaintiff cannot satisfy federal pleading requirements, however, merely by attaching bare legal conclusions to alleged facts that fail to outline the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Circuit 1991).

## NO *RESPONDEAT SUPERIOR* LIABILITY UNDER SECTION 1983

In this case, Plaintiff appears to be attempting to hold Sheriff Zaruba and the County responsible for the alleged actions of Defendants Wilken, Nestel, Feinstein and the unnamed John and Jane Does.

However, "[u]nder § 1983, there is no *respondeat superior* liability. In order to prevail on an official capacity suit against the Sheriff Zaruba or the County, the plaintiff must show that an official policy or custom caused the injury." *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Circuit 2002). Unconstitutional policies for purposes of § 1983 liability fall into three categories: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Moreland v. Dieter*, 395 F.3d 747, 759 (7th Circuit 2005).

Plaintiff makes no allegations as to any express policy formulated by Sheriff Zaruba or the County that led to any constitutional deprivations nor has he enumerated, on the basis of one set of circumstances, any practice so widespread that . . . is so permanent and well settled as to "constitute a 'custom or usage' with the force of law." *Id.* at 759. Further, plaintiff has made no allegation "that the [alleged] constitutional injury was caused by a person with final policymaking authority." *Id* at 759.

As such, to the extent that he appears to be holding Sheriff Zaruba or the County responsible for the alleged actions of Wilken, Nestel, Feinstein and the unnamed John and Jane Does under a theory of *respondeat superior*, Plaintiff has failed to state a claim upon which relief can be granted and any claim against Sheriff Zaruba or the County should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3

**WHEREFORE**, based upon the foregoing and because Plaintiff has failed to state a cause of action against JOHN E. ZARUBA, the Sheriff of DuPage County, and the COUNTY OF DUPAGE upon which relief can be granted, these Defendants respectfully requests that this Honorable Court dismiss them from the Plaintiff's Complaint with prejudice, and for such other and further relief as this Court deems just and appropriate.

    Respectfully submitted,

    JOSEPH E. BIRKETT
    DuPage County State's Attorney

    By: s/THOMAS F. DOWNING
        THOMAS F. DOWNING
        Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By: Thomas F. Downing, Assistant State's Attorney
Attorney No. 06188673
By: Francis T. Cermak, Assistant State's Attorney
Attorney No. 6272043
503 N. County Farm Road
Wheaton, IL 60187
(630) 407-8200

TFD\Hamman v Sheriff\Sheriff and County's motion to dismiss.doc