IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LLOYD HAMMAN, <br>     Plaintiff, <br><br> v. <br><br> JOHN E. ZARUBA, the Sheriff of DuPage County, Illinois, THE COUNTY OF DuPAGE, a body corporate and politic, KEVIN WILKEN, OFFICER NESTEL, KIRT FEINSTEIN, and JOHN and JANE DOES, Nos. 1-10, <br>     Defendants. | 08 CV03125 <br><br> Judge Kendall |

## DEFENDANTS SHERIFF ZARUBA AND COUNTY OF DUPAGE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURUANT TO RULE 12(b)(6)

Defendants JOHN E. ZARUBA, the Sheriff of DuPage County ("Sheriff Zaruba") and the COUNTY OF DUPAGE ("County"), by and through their attorneys, DuPage County State's Attorney JOSEPH E. BIRKETT and Assistant State's Attorneys Thomas F. Downing and Francis T. Cermak, respectfully move this Honorable Court to dismiss them from the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof state the following:

### INTRODUCTION

The Plaintiff's Complaint generally alleges that on or about May 31, 2006, Defendants Wilken, Nestel and Feinstein and other unnamed John and Jane Does went to a farm operated by the Plaintiff and conducted a warrantless raid and arrested the Plaintiff. (Complaint at pars. 9 and 10) None of the allegations indicate that Sheriff Zaruba was personally involved in the incident complained of. It is clear that Sheriff Zaruba is only sued in his official capacity. The only connection made between Sheriff Zaruba and the County to this case are allegations that Defendants Wilken, Nestel,

**EXHIBIT**
**B**

Feinstein and the unnamed John and Jane Does are their employees or agents. (Complaint at pars. 3 and 4)

## DISMISSAL PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; it is not designed to resolve the case on the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Circuit 1990). When reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all well-plead factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Circuit 1997). A court should dismiss a complaint under Rule 12(b)(6) where it is clear that the nonmovant can prove no set of facts supporting its claim for relief. *Szumny v. American Gen'l Finance, Inc.*, 246 F.3d 1065, 1067 (7th Circuit 2001). At a minimum, plaintiff's complaint must contain facts sufficient to state a claim as a matter of law. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Circuit 1998). A plaintiff cannot satisfy federal pleading requirements, however, merely by attaching bare legal conclusions to alleged facts that fail to outline the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Circuit 1991).

## NO *RESPONDEAT SUPERIOR* LIABILITY UNDER SECTION 1983

In this case, Plaintiff appears to be attempting to hold Sheriff Zaruba and the County responsible for the alleged actions of Defendants Wilken, Nestel, Feinstein and the unnamed John and Jane Does.

2

However, "[u]nder § 1983, there is no *respondeat superior* liability. In order to prevail on an official capacity suit against the Sheriff Zaruba or the County, the plaintiff must show that an official policy or custom caused the injury." *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Circuit 2002). Unconstitutional policies for purposes of § 1983 liability fall into three categories: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Moreland v. Dieter*, 395 F.3d 747, 759 (7th Circuit 2005).

Plaintiff makes no allegations as to any express policy formulated by Sheriff Zaruba or the County that led to any constitutional deprivations nor has he enumerated, on the basis of one set of circumstances, any practice so widespread that . . . is so permanent and well settled as to "constitute a 'custom or usage' with the force of law." *Id.* at 759. Further, plaintiff has made no allegation "that the [alleged] constitutional injury was caused by a person with final policymaking authority." *Id* at 759.

As such, to the extent that he appears to be holding Sheriff Zaruba or the County responsible for the alleged actions of Wilken, Nestel, Feinstein and the unnamed John and Jane Does under a theory of *respondeat superior*, Plaintiff has failed to state a claim upon which relief can be granted and any claim against Sheriff Zaruba or the County should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**WHEREFORE**, based upon the foregoing and because Plaintiff has failed to state a cause of action against JOHN E. ZARUBA, the Sheriff of DuPage County, and the COUNTY OF DUPAGE upon which relief can be granted, these Defendants respectfully requests that this Honorable Court dismiss them from the Plaintiff's Complaint with prejudice, and for such other and further relief as this Court deems just and appropriate.

        Respectfully submitted,

        JOSEPH E. BIRKETT
        DuPage County State's Attorney

        By: <u>s/THOMAS F. DOWNING</u>
            THOMAS F. DOWNING
            Assistant State's Attorney


JOSEPH E. BIRKETT
DuPage County State's Attorney
By: Thomas F. Downing, Assistant State's Attorney
Attorney No. 06188673
By: Francis T. Cermak, Assistant State's Attorney
Attorney No. 6272043
503 N. County Farm Road
Wheaton, IL 60187
(630) 407-8200


TFD\Hamman v Sheriff\Sheriff and County's motion to dismiss.doc